---

| | |
|---|---|
| **UNITED STATE OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **Criminal No. 12-40055-TSH** |
| ) | |
| **SERGIO HERNANDEZ,** ) | |
| **Defendant** ) | |

---

<u>**Report to the United States Court of Appeals for the First Circuit, Re: Appeal No. 15-1999**</u>

On March 15, 2017, this matter was remanded to me with instructions to hold a hearing in order to afford the parties an opportunity to present evidence about the defendant's, Mr. Hernandez's, prior convictions for the purposes of determining whether he is a career offender. The hearing was held on August 3, 2017. At that time, the Government offered as proof four certified criminal dockets pertaining to the defendant from the District Court Department of the Trial Court of the Commonwealth of Massachusetts. The Government asserts that this evidence is reliable and establishes the existence of at least two predicate offenses necessary to trigger the career offender enhancement. I find that the certified criminal docket sheets offered by the Government are sufficiently reliable. Set forth below is a summary of the pertinent information from each of these criminal dockets.

1. <u>**Criminal Docket No. 0462 CR 007508**</u>

On September 9, 2004, the defendant was charged with possession with intent to distribute a Class D substance in violation of Mass.Gen.L. ch. 94C § 32C(a), and commission of a drug violation near a school/park in violation

Mass.Gen.L. ch. 94C § 32J. On January 13, 2005, the defendant admitted that there were sufficient facts for a finding of guilty on the charge of possession with intent to distribute a Class D substance. The case was continued without a finding until January10, 2006, and the defendant was placed on probation. The charge of committing a drug violation near a school/park was dismissed. On July 15, 2005, the defendant was found in violation of terms of his probation, his probation was revoked and he was sentenced to 6 months in the House of Correction. I find that this convictions is a predicate offenses for the purpose of determining whether the defendant is a career offender within the meaning of § 4B1.2 of the United States Sentencing Guidelines.

**2. Criminal Docket No. 0562 CR 005300**

On June 20, 2005, the defendant was charged with distribution of cocaine in violation of Mass.Gen.L. Ch. 94C §32A(c). On July 15, 2005, that charge was amended to distribution of a Class B[1] substance and it is unclear from the docket which section of Chapter 94C the Commonwealth proceeded under. On July 15, 2005, the defendant pled guilty to the charge of distribution of a Class B substance and was sentenced to two years in the House of Corrections, with one year suspended (to be served concurrently with his conviction on Docket No. 0562 CR 004153 discussed below). Given the sentence imposed, it is clear that regardless of which statute the Commonwealth proceeded under, the defendant was convicted of "controlled substance offense" within the meaning of §4B1.2 of the United States Sentencing Guidelines. Accordingly, I find that this convictions

---

[1] Cocaine is a Class B substance, *see* Mass.Gen.L. ch. 94C, §31, so the amendment was presumably simply a matter of form over substance.

is a predicate offenses for the purpose of determining whether the defendant is a career offender within the meaning of § 4B1.2 of the United States Sentencing Guidelines. [2]

### 3. Docket No. 0562 CR 004153

On May 13, 2005, the defendant was charged with possession with intent to distribute a Class B substance in violation of Mass.Gen.L. ch. 94C § 32A(a), and commission of a drug violation near a school/park in violation Mass.Gen.L. ch. 94C § 32J. On July 15, 2005, the defendant pled guilty to the charge of possession of a Class B substance with intent to distribute and was sentence to 2 years in the House of Correction, with one year suspended placed on then placed probation until July 10, 2007. The charge of commission of a drug violation near a school/park was dismissed. I find that the conviction is a predicate offense within the meaning of § 4B1.2 of the United States Sentencing Guidelines.

### 4. Docket No. 0962 CR 000666

On January 23, 2009, the defendant was charged with possession with intent to distribute a Class D substance in violation of Mass.Gen.L. ch. 94C § 32C(a), and commission of a drug violation near a school/park in violation Mass.Gen.L. ch. 94C § 32J. On September 2, 2009, the defendant pled guilty or admitted sufficient facts to the charge of possession of a Class D substance with intent to distribute. He was sentenced to 6 months in the House of Corrections which was suspended and placed on probation until August 24, 2010. The charge

---

[2] Given that I find that the defendant was convicted of at least two other "controlled substance offenses" within the meaning of § 4B1.2 of the United States Sentencing Guidelines, he would be subject to the enhancement even were the Court to disregard this conviction in light of the ambiguity contained in the docket.

of commission of a drug offense near a school/park was dismissed. I find that the conviction is a predicate offense within the meaning of the career offender provisions of the United States Sentencing Guidelines.

### **Conclusion**

Based on the evidence offered by the Government, which I find to be sufficient and reliable, I find that the Government has established the existence of the requisite number of predicate offenses sufficient to trigger career offender enhancement under the sentencing guidelines and therefore, Mr. Hernandez should be designated a career offender.

**Date**: August 7, 2017

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**